UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | |
| v. : | Crim. No. 21-MJ-0041(CJN) |
| : | |
| MICHAEL CURZIO, : | |
| : | |
| *Defendant.* : | |

**DEFENDANT'S MOTION FOR MODIFICATION
OF PRETRIAL DETENTION ORDER AND
<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>**

Defendant Michael Curzio ("Curzio"), by and though undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to the Federal Rules of Criminal Procedure and 18 U.S.C. § 3145(b), to vacate the pretrial detention Order issued on January 19, 2021, by Magistrate Judge Philip R. Lammens of the Middle District of Florida and to release Mr. Curzio under the supervision of the Pretrial Services Agency. As grounds for this motion Mr. Curzio states as follows:

<u>**BACKGROUND**</u>

The government has charged Mr. Curzio via Information with four misdemeanors:

a) Knowingly Entering or Remaining in a Restricted Building in violation of 18 U.S.C. §§ 1752(a)(1); b) Disorderly or Disruptive Conduct in a Restricted Building in violation of 18 U.S.C. §§ 1752(a)(2); c) Violent Entry and Disorderly Conduct in a Capitol Building in violation of 18 U.S.C. §§ 5104(e)(2)(A); and d) Parading, Demonstrating or Picketing in a Capitol Building in violation of 18 U.S.C. §§ 5104(e)(2)(G).

On January 6, 2021, Mr. Curzio attended a rally in Washington, DC where he intended to show his support for the then-President of the United States, Donald J. Trump. As is well known, Trump and other speakers exhorted attendees to march to the Capitol to protest the certification of the vote count of the Electoral College for the 2020 Presidential Election. Mr. Curzio marched to the Capitol to exercise his First Amendment right and protest.

Once at the Capitol grounds, Mr. Curzio found himself surrounded by hundreds, if not thousands, of other protesters who eventually began to try to force entry into the Capitol building. Mr. Curzio was not among those people. When he did enter the Capitol, the doors were already open and police officers were letting the crowd in. Once inside, he milled about with others.

The Statement of Facts submitted in this case, states that the affiant "observed members of the crowd engage in conduct such as making loud noises, and kicking chairs, throwing an unknown liquid substance at officers, and spraying an unknown substance at officers." Exh. 1 at 1. According to the affiant, when ordered to leave the building, "the crowd did not comply, and instead responded by shouting and cursing" at the police. *Id.* Notably, the affiant does not allege that Mr. Curzio himself engaged in any violent conduct towards police officers. The only action attributed to him personally is that he was present and refused to leave once ordered to do so. *Id.* at 2. Also notable is the fact that the police initially issued Mr. Curzio a citation to appear at the District of Columbia Superior Court at a later date. *Id.* This suggests that his offense was not considered one for which detention would be necessary.

**ARGUMENT**

It is a well-established principle that, "'[i]n our society, liberty is the norm and detention prior to trial or without trial is the carefully limited exception.'" *See United States v. Simpkins*, Magistrate Case No. 19-00295 (GMH/RMM), 2019 WL 6525787, at * 1 (D.D.C. Dec. 3, 2019) (Meriweather, J.) (quoting *United States v. Salerno*, 481 U.S. 739, 755 (1987)). The "Bail Reform Act of 1984, 18 U.S.C. § 3141*, et seq.*, sets forth the circumstances that trigger that exception." *Id.* "Specifically, provisions of the Bail Reform Act authorize a judicial officer to order the detention of a defendant before trial if the judicial officer determines after a hearing that 'no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Id.* (quoting 18 U.S.C. § 3142(e)).

Courts have held that "[a] finding that a defendant poses a danger to the community, or that there is a serious risk the defendant will flee, provides an adequate basis to order pretrial detention." *See id.* (citing *Salerno*, 481 U.S. at 755; *United States v. Lee*, 195 F. Supp. 3d 120, 124 (D.D.C. 2016); *United States v. Henry*, 935 F. Supp. 24, 25 (D.D.C. 1996)). Detention decisions based upon "'the defendant's dangerousness to the community must be supported by 'clear and convincing evidence,'" and detention decisions based upon "a finding that no set of conditions will reasonably assure the defendant's appearance in court" must be supported by a preponderance of the evidence. *See id.* (citing 18 U.S.C. § 3142(f); *United States v. Smith*, 79 F.3d 1208, 1209 (D.C. Cir. 1996); *United States v. Simpkins*, 826 F.2d 94, 96 (D.C. Cir. 1987); *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Anderson*, 382 F. Supp. 2d 13, 14 (D.D.C. 2005)).

This Court has employed the following framework in rendering detention decisions under the Bail Reform Act:

> The Bail Reform Act directs judges to consider four factors in determining whether any conditions of release will reasonably assure a defendant's future presence in court or assure the safety of any other person and the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the defendant's history and characteristics; and (4) the nature and seriousness of the danger to any person or to the community posed by the defendant's release.

*See id.* (citing 18 U.S.C. § 3142(g); *Xulam*, 84 F.3d at 442).

An analysis of the factors set forth in 18 U.S.C. § 3142(g) weighs heavily in favor of Mr. Curzio's pretrial release, with certain conditions as set forth below.

### Nature and Circumstances of the Charged Offense

The government has charged Mr. Curzio with four misdemeanors relating to his conduct at the Capitol on January 6, 2021. In effect, he has been charged with offenses against property – the United States Capitol and its grounds. Mr. Curzio concedes he was on the Capitol grounds and building to protest along with hundreds of other protesters and was merely following the directions of then-President Trump, who has billed himself as the country's chief law enforcement officer. Although some in the group he was with may have engaged in violent conduct towards police officers, there is no allegation that he personally did so. Although the statement of facts states that Mr. Curzio did not leave when ordered to do so, it was impossible for him to do so because of the large crowd that was blocking the exits. It appears that he was arrested because he was "close to the Capitol Police Officers who were responding." *See* Exh. 1. This factor weighs in favor of release.

4

**Weight of the Evidence**

The known evidence in this case consists of Mr. Curcio's presence and arrest at the Capitol on January 6. While evidence of his presence at the Capitol is strong, he did not engage in violent conduct or destruction of property and should weigh in favor of release.

**Mr. Curzio's History and Characteristics**

Mr. Curzio is 35 years-old, single with no children. He has lived in Florida most of his life. The only time he has been in Washington, DC was on January 6. His conduct that gave rise to the charges in this case began innocently enough when he came to Washington, DC to support Donald Trump and to protest the results of the 2020 Presidential election. He did not engage in any violent behavior while protesting.

Mr. Curzio does have a prior conviction for attempted first degree murder that resulted from his attempt to defend a friend who was being abused. He served his time, paid his debt to society and was released from confinement in February 2019. Upon information and belief, he served his full sentence and is not on supervised release.

Mr. Curzio has extensive ties to the community in Summerfield, Florida. Due to those ties and his background, there is no indication that he would be a risk of flight or otherwise not comply with any order from this Court. This factor weighs in favor of release.

**Danger to the Community**

On January 6, 2021, Mr. Curzio set out to exercise his First Amendment right to protest. Unfortunately, he listened to Donald Trump and others and took the fateful decision to march to the Capitol grounds. Mr. Curzio is not a member of any right-wing fringe group or

other violent organization and, besides his one prior conviction, has no record of violence or criminality that would indicate that he poses a danger to the community if released. His offense is a non-violent property offense, and this factor weighs in favor of release.

## **PROPOSED CONDITIONS OF RELEASE**

The Pretrial Services Agency recommended that Mr. Curzio:

a) be placed on general supervision;
b) report to Pretrial weekly by telephone;
c) verify his address;
d) not apply for or possess a passport;
e) notify Pretrial of any travel within the continental United States and seek Court approval to travel;
f) stay out of Washington, DC except for Court, meetings with counsel or Pretrial visits;
g) report to Pretrial any contact with law enforcement;
h) not possess firearms.

Mr. Curzio respectfully submits that these conditions will satisfy the goals of the Bail Reform Act.

**WHEREFORE** for the foregoing reasons and any others that may appear to the Court, Mr. Curzio respectfully requests that he be released pending trial in this matter subject to the conditions set forth above.

**Dated**: Washington, DC
February 14, 2021

**BALAREZO LAW**

By: ___/s/_____
A. Eduardo Balarezo, Esq.
D.C. Bar # 462659
400 Seventh Street, NW; Suite 306
Washington, DC  20004
Tel. 202-639-0999
Fax. 202-639-0899

*Counsel for Defendant Michael Curzio*

6

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 14th day of February 2021, I caused a true and correct copy of the foregoing Defendant's Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
_____
A. Eduardo Balarezo