```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                           OCALA DIVISION

UNITED STATES OF AMERICA,        Ocala, Florida

        Plaintiff,               Case No. 5:21-mj-1009-PRL

-vs-                             January 14, 2021

MICHAEL CURZIO,                  3:53 p.m.

        Defendant.               Courtroom 1A
```

**DIGITALLY RECORDED INITIAL APPEARANCE (RULE 5c) (VIA ZOOM)**
BEFORE THE HONORABLE PHILIP R. LAMMENS
UNITED STATES MAGISTRATE JUDGE


### A P P E A R A N C E S

GOVERNMENT COUNSEL:

    **William Hamilton, Esquire**
    U.S. Attorney's Office
    35 Southeast 1st Avenue, Suite 300
    Ocala, FL  34471

DEFENSE COUNSEL:

    **Christine Bird, Esquire**
    Federal Defender's Office - Ocala
    201 Southwest 2nd Street, Suite 102
    Ocala, FL  34471

OFFICIAL COURT REPORTER:

    Shelli Kozachenko, RPR, CRR, CRC
    221 North Hogan Street, #185
    Jacksonville, FL  32202
    Telephone:  (904) 301-6842

(Proceedings recorded by electronic sound recording;
transcript produced by computer.)

|   |   |
|---|---|
| 1 | <u>P R O C E E D I N G S</u> |
| 2 | January 14, 2021                                    3:53 p.m. |
| 3 | - - - |
| 4 | THE COURT:  All right.  The next case on our calendar |
| 5 | this afternoon for our district is Case No. 5:21-mj-1009, the |
| 6 | United States versus Michael Thomas -- Curzio?  Is that how you |
| 7 | pronounce your name? |
| 8 | THE DEFENDANT:  Curzio, sir. |
| 9 | THE COURT:  Curzio? |
| 10 | THE DEFENDANT:  Yes, sir. |
| 11 | THE COURT:  Mr. Hamilton represents the United |
| 12 | States.  Ms. Bird is with the federal public defender, and |
| 13 | she's here to be appointed to represent you, at least in this |
| 14 | district (unintelligible) appointment of counsel. |
| 15 | Your charge, Mr. Curzio, is out of the District of |
| 16 | Columbia, and that is Case No. 1:21-mj-12.  There's a criminal |
| 17 | complaint that was filed in the District of Columbia, against |
| 18 | you and several others for two federal law violations. |
| 19 | Do you have a copy of that complaint? |
| 20 | THE DEFENDANT:  Yes, sir, I do. |
| 21 | THE COURT:  Okay.  Attached to the complaint, which |
| 22 | (unintelligible) the two charges, is an affidavit of probable |
| 23 | cause, which is a sworn statement signed (unintelligible) -- |
| 24 | sorry -- a sworn statement signed to by a law enforcement |
| 25 | officer. |

1  We have been conducting about 90 percent of our
2  proceedings by videoconference because of the coronavirus.
3  It's an efficient way to do it and a safe way to do it.
4  You do have a right to request an in-person hearing.
5  If you did that, we would have to reconvene in person, which we
6  could do.  It would probably just be at a later day.  You can
7  agree, of course, to the videoconference.
8  Ms. Bird, when you had a brief minute to chat with
9  Mr. Curzio, did you talk to him about that?
10  MS. BIRD:  Your Honor, I'm sorry.  I did not mention
11  that we were proceeding by videoconference.  I covered
12  everything else.  But I don't think he has any objection to it.
13  THE COURT:  No objection, Mr. Curzio?
14  THE DEFENDANT:  No, sir.
15  THE COURT:  In this proceeding I'll talk to you about
16  the charges against you and the potential penalties and also
17  the rights that you have.
18  If there's anything I say that you don't understand
19  or you'd like to speak privately with Ms. Bird, just let me
20  know that.
21  THE DEFENDANT:  (Unintelligible.)
22  THE COURT:  You do have a right to remain silent.
23  That means you're not required to make any statements to the
24  Court or to law enforcement, and you should know that if you do
25  make a statement, it can be used against you.

1             Do you understand all that?
2             THE DEFENDANT:  Yes, sir.
3             THE COURT:  The criminal complaint charges two
4    counts.  The first count is under Title 18 of the United States
5    Code, Section 1752(a), and the charge is for knowingly entering
6    or remaining in any restricted building or grounds without
7    lawful authority or knowingly, with intent to impede government
8    business or official functions, engaging in disorderly conduct
9    on Capitol grounds.
10            The second charge is under Title 40 of the United
11   States Code, Section 5104(e)(2).  It is for violent entry and
12   disorderly conduct on Capitol grounds.
13            It is alleged, then, in the affidavit of probable
14   cause that on January 6th, 2021, you and others engaged in the
15   conduct charged in the criminal complaint, that you unlawfully
16   entered the Capitol Building in Washington, D.C., during a
17   joint session of the United States Congress, and that you
18   remained there without lawful authority.
19            It's alleged in the affidavit that you and others
20   were seen engaged in disruptive and disorderly conduct while in
21   the Capitol Building.  You were directed to leave and refused
22   and were ultimately arrested.
23            Mr. Hamilton -- well, I'm sorry.
24            Mr. Curzio, do you understand what the charges are
25   and what the allegations are?

```
 1              THE DEFENDANT:  Yes.  I just don't understand what
 2   the, like, max penalties, as you explained it -- I don't
 3   understand any of that yet because it hasn't been explained to
 4   me.  But, yes, I understand.
 5              THE COURT:  Yes.  That's what I was going to ask
 6   Mr. Hamilton to tell you just now.
 7              Mr. Hamilton, if you could advise him of what the
 8   potential penalties are for each of those two charges.
 9              MR. HAMILTON:  Yes, sir.
10              So if he is convicted as charged in Count One of the
11   complaint -- that is a Class A misdemeanor -- he would be
12   subject to a maximum of one year of imprisonment, a term of
13   supervised release of up to one year, a fine of no more than
14   $100,000, and there would also be a $25 mandatory special
15   assessment.
16              As to Count Two -- that's a Class B misdemeanor --
17   the maximum penalty would be up to 180 days of imprisonment.
18   He would also be subject to a one-year term of supervised
19   release, a fine of no more than $5,000, and a $10 special
20   assessment.
21              THE DEFENDANT:  Could I speak with Ms. Christina
22   Bird?
23              THE COURT:  Okay.
24              THE DEFENDANT:  Thank you.
25              MS. BIRD:  Are you going to put us in a -- okay,
```

there you go -- breakout room?

    (Pause in proceedings.)

        COURTROOM DEPUTY:  All right, Chris.  You all set?

        MS. BIRD:  All set.

        THE COURT:  Okay.  So you heard the potential penalties.  The Class A misdemeanor, the potential one-year maximum penalty, that relates to the offense under Title 18, United States Code, Section 1752(a), the knowingly entering or remaining in a restricted building or knowingly, with the intent to impede government business, engaging in disorderly conduct on Capitol grounds.

        And then the other offense under Title 40 of the U.S. Code, Section 5104, the violent entry and disorderly conduct, is the one with the six-month maximum.

        Both have a one-year period of supervised release.  That's a period where you're not in custody but you're monitored by a probation officer.

        The Class A misdemeanor has a maximum fine of $100,000.  The Class B misdemeanor has a $5,000 maximum fine.

        The Class A has a $25 special assessment that would be due upon conviction, and the Class B has a $10 special assessment.

        Do you understand those potential penalties?

        THE DEFENDANT:  Yes, sir.

        THE COURT:  You have a right to represent yourself in

1  these proceedings, but you also have a right to be represented
2  by an attorney.
3           If you can afford to hire an attorney, you're
4  certainly free to hire an attorney of your choice.  If you
5  cannot afford to hire an attorney, I can appoint one to
6  represent you.  Ms. Bird would then represent you here.
7           The case is pending in the District of Columbia, so
8  when you got there, for proceedings there, they would likely
9  then appoint someone else to represent you up there.
10          Would you like me to appoint an attorney to represent
11 you here?
12          THE DEFENDANT:  Sir, if it's okay, I'd like to hold
13 off because I'm in the process of trying to get ahold of a
14 private paid attorney.
15          THE COURT:  Well, it's fine, Mr. Curzio, but one
16 thing is I could, if you qualify, appoint Ms. Bird to represent
17 you, and then that wouldn't preclude you in any way from
18 hiring -- excuse me, from hiring an attorney.
19          So she could represent you for these proceedings, and
20 then if, in a few days, you hired your own attorney, that
21 attorney would then just take -- take her place and represent
22 you.
23          THE DEFENDANT:  Actually, that's fine, sir.  I would
24 go ahead and do that, then.
25          THE COURT:  Okay.  Do you have any significant source

of cash, income, or property?

THE DEFENDANT: No, sir. I do have a few people that are willing to help me financially, though. But I -- it -- I don't know how much, but I do have some people that are willing to help me financially.

THE COURT: Okay. I'll find that you qualify for the appointment of counsel, and I'll appoint Ms. Bird to represent you.

And, now, if you can't or don't end up having the money to hire someone else, then she'll remain your attorney here, like I said, and someone else would represent you up in the District of Columbia.

There's -- so there's a few rights you have. You are charged by way of a complaint as opposed to an indictment, which is returned by a grand jury.

You have a right to a preliminary hearing. That's a hearing to determine whether there's probable cause to believe you've committed one or more of the offenses that you're charged with.

At a preliminary hearing, the government would call a witness to testify about the facts of the investigation. Your attorney could cross-examine the witness. You can also present witnesses on your behalf.

Again, this isn't to determine guilt or innocence. It's just to determine whether there's probable cause, enough

1   information to make a reasonable belief that you committed one
2   or more of those offenses.
3           If, before a preliminary hearing occurs, an
4   indictment is returned, then you would not have a preliminary
5   hearing.
6           Because you're in a different district right now and
7   the charges are in the District of Columbia, you could ask that
8   the hearing be held in the District of Columbia.  You could
9   also ask that the hearing be held here.  We can talk about that
10  in just a moment.
11          You have a right to an identity hearing and
12  production of the warrant, and an identity hearing is a hearing
13  to determine that you are the correct person named in the
14  criminal complaint that has been arrested.
15          The United States would have to show at such a
16  hearing, by sufficient evidence, that there's probable cause to
17  believe you are the correct person.
18          You can, of course, waive that identity hearing and
19  the production of the warrant.  That hearing would be conducted
20  here.
21          Under Rule 20 of the Rules of Criminal Procedure, a
22  prosecution can be transferred from one district to another, so
23  it could be transferred from the District of Columbia to this
24  district, if you were agreeing to admit guilt and said so in
25  writing, waive your right to a trial, and also the United

1   States attorney for this district and the District of Columbia
2   agreed to have the case transferred here.  And then you would
3   simply be sentenced here.
4          That's just a right you have.  You don't have to make
5   any decisions about that.
6          Then you have a right to a detention hearing.  That's
7   a hearing to determine whether you're eligible for a bond and,
8   if so, under what terms and conditions, or if you should remain
9   in custody because you are a risk of flight, or risk of
10  nonappearance, or danger to the community or both.
11         That hearing could be conducted here or in the
12  District of Columbia.
13         THE DEFENDANT:  Can I ask you a question sir?
14         THE COURT:  Yeah.
15         THE DEFENDANT:  On what you just said about the
16  hearing, a bond or anything like that, I really have to wait on
17  that with my -- there's no way to do anything like that to see
18  if I can be released because, you know, I don't think that I'm
19  a flight risk or anything like that, and I can actually do
20  better to help myself in going through with the proceedings
21  that will take place.
22         But that's -- that's the only question I have on
23  that, sir.
24         THE COURT:  Well, I'll let Ms. Bird, who represents
25  you now, and you decide where and when and if you should

1  request any of these hearings.
2          Let me start by asking the government what its
3  position is on the issue of a bond hearing, and then I'll come
4  back to Ms. Bird and ask her about all of the hearings I
5  mentioned to you.
6          THE DEFENDANT:  Yes, sir.
7          THE COURT:  Mr. Hamilton?
8          MR. HAMILTON:  Your Honor, I -- I am going to move
9  for pretrial detention of Mr. Curzio.
10         I don't think I can make a substantial case that he's
11 a flight risk, but I believe there is clear and convincing
12 evidence that he is a risk of harm to the community.  And on
13 that basis, specifically Title 18, U.S. Code, Section
14 3142(f)(2), I would move for his pretrial detention.
15         THE COURT:  Do you plan to go forward with that?  Are
16 you prepared to go forward today?
17         MR. HAMILTON:  I'm prepared to go forward today, Your
18 Honor, or in the future, at the Court and defense's
19 availability.
20         THE COURT:  Okay.  Ms. Bird, so of the several
21 potential hearings, what do you say, preliminary hearing, the
22 identity and warrant production, and --
23         MS. BIRD:  Your Honor, I spoke --
24         THE COURT:  -- detention?
25         MS. BIRD:  I'm so sorry.

1  I spoke with my client, and he's very interested in
2 having private counsel.  So I advised him that really these are
3 the type of hearings that you get one shot at it.  So if
4 there's a preliminary hearing or a bond hearing, he has the one
5 hearing and not another hearing.
6  So when we spoke, he was inclined to wait until that
7 attorney was able to represent him in the matter and defer on
8 the issues of waiving the hearings that he has a right to have.
9  THE COURT:  Well, we could -- we could schedule to
10 reconvene on Tuesday, and that would give him a couple of days
11 to decide on counsel, consult counsel, and make a decision
12 about the hearings then.
13  And if he doesn't retain counsel, then you can meet
14 with him and advise the Court whether and how you'd like to
15 proceed.
16  MS. BIRD:  That would be okay, Your Honor.
17  Let me see.  What time on Tuesday?  I'm just -- I
18 know I have an appointment.
19  THE COURT:  We can -- well, let's see.
20  MS. BIRD:  I know it's the Court's schedule, and I
21 don't -- but if it could be in the afternoon, that would be
22 more helpful.
23  THE COURT:  Well, would you have time to do it after
24 the competency hearing we have scheduled?
25  MS. BIRD:  Yes.  That should be a really brief

```
 1  hearing, so I should be able -- I should be able to do it then.
 2          THE COURT:  It's up to you.  We could do it in the
 3  afternoon also at 3:30, so either 9:30 or 3:30.
 4          MS. BIRD:  Well, in all honesty, 3:30 would probably
 5  be best for me just because it will give me more time to
 6  prepare, and I'm going to be out of town for a few days.
 7          THE COURT:  Okay.  Does that sound reasonable,
 8  Mr. Curzio?  That would give you some time to hire an attorney,
 9  if that's your plan.  Otherwise, it will give you time to meet
10  and confer with Ms. Bird to go forward on what you'd like to go
11  forward on.
12          Do you need any time to talk with her now or --
13          THE DEFENDANT:  Yes, sir.
14          THE COURT:  You need to talk with her again before we
15  conclude for the day?
16          THE DEFENDANT:  Yes, sir, if that would be okay.
17     (Pause in proceedings.)
18          THE COURT:  Ms. Bird, what do you say?
19          MS. BIRD:  So we're in the same posture, Your Honor.
20  We just want to wait until Tuesday.  Either Mr. Curzio will
21  hire an attorney, or I will be back talking to him again before
22  the hearing, and we will go from there.
23          THE COURT:  Okay.  All right, Mr. Curzio.  You'll
24  remain in custody until at least Tuesday when that next hearing
25  is conducted.
```

```
 1              And if more light is shed on Mr. Hamilton's
 2  information about a possible hearing in D.C. and we learn of
 3  it, we'll convey that to Ms. Bird so she can help coordinate
 4  that with you.
 5              MS. BIRD:  Okay.
 6              THE COURT:  All right.  Thank you, everyone.  We'll
 7  be in recess, then.
 8              MR. HAMILTON:  Thank you.
 9              MS. BIRD:  Thank you.
10              COURT SECURITY OFFICER:  All rise.
11         (The proceedings were concluded at 4:23 p.m.)
12                            - - -
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1        CERTIFICATE OF OFFICIAL COURT REPORTER
2
3
4   UNITED STATES DISTRICT COURT )
5   MIDDLE DISTRICT OF FLORIDA   )
6
7           I, court approved transcriber, certify that the
8   foregoing is a correct transcript from the official electronic
9   sound recording of the proceedings in the above-entitled
10  matter.
11
12          DATED this 25th day of February, 2021.
13
14                                s/Shelli Kozachenko_____
                                  Shelli Kozachenko, RPR, CRR, CRC
15                                Official Court Reporter