UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 21-CR-0041-CJN-2 |
| : | |
| MICHAEL THOMAS CURZIO, : | |
| Defendant. : | |

**UNITED STATES' SUPPLEMENTAL OPPOSITION TO DEFENDANT'S
MOTION FOR MODIFICATION OF PRETRIAL DETENTION ORDER**

The United States of America, by and through the United States Attorney for the District of Columbia, respectfully files this supplemental opposition to defendant Michael Curzio's motion for modification of pretrial detention order ("Motion," ECF No. 29), filed on February 14, 2021. This pleading clarifies the government's position that:

First, a motion to reopen a detention hearing under § 3142(f) does not permit the defendant to seek reconsideration of whether the detention hearing was warranted in the first instance. That is all the more so true here where the defendant fails to contest the basis for the hearing in his modification motion. Where a party fails to present an argument, a court should not raise a claim on that party's behalf. *See Sineneng-Smith v. United States*, 140 S. Ct. 1575, 1579 (2020) (explaining that, under the party presentation principle, courts "rely on the parties to frame issues for decision and assign courts the role of neutral arbiter of matters the parties present" (citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)).

Second, whatever the basis for a detention hearing, § 3142's plain language not only permits but requires the Court to consider the full panoply of factors under § 3142(g) in determining whether to release or order detained a defendant. *See* § 3142(g) (noting that the judicial officer "shall . . . take into account" the § 3142(g) factors). Nothing in § 3142's text limits

the Court's consideration under § 3142(g) to the underlying basis for the detention hearing. Instead, once the government has established a circumstance "triggering a detention hearing," the court "must consider the enumerated factors" in § 3142(g). *United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999).

## BACKGROUND

Curzio was charged by Criminal Complaint in Washington, D.C., on January 7, 2021, with 18 U.S.C. § 1752(a) (Knowing Entering or Remaining in any Restricted Building or Grounds without Lawful Authority; or Knowingly, with Intent to Impede Government Business or Official Functions, Engaging in Disorderly Conduct on Capitol Grounds), and 40 U.S.C. § 5104(e)(2) (Violent Entry and Disorderly Conduct on Capitol Grounds), and a warrant was issued for his arrest. The factual background for Curzio's conduct giving rise to these charges is detailed in the government's initial opposition to the Motion (ECF No. 32).

Curzio was arrested in the Middle District of Florida on January 14, 2021. At his initial appearance in the Middle District of Florida on January 14, 2021, the Assistant United States Attorney ("AUSA") there moved for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) based on "clear and convincing evidence that [Curzio] is a risk of harm to the community." (ECF No. 33, 1/14/2021 Tr. at 11.)[1] The defense did not object to the government's basis for requesting a hearing, nor did it seek clarification from the court as to the particular subsection. (*Id.*, 1/14/2021 Tr. at 12-13.) The government indicated that it was prepared to proceed that same day with a detention hearing, but based on the defense's request, Magistrate Judge Lammens continued the detention hearing until January 19, 2021.

---

[1] At that time, the AUSA stated that he did not think he could "make a substantial case that [Curzio was] a flight risk." *Id.*

2

On January 15, 2021, prior to the continued hearing, the government filed an Information charging Curzio and five codefendants with four misdemeanors: (1) Entering and Remaining in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(1); (2) Disorderly and Disruptive Conduct in a Restricted Building, in violation of 18 U.S.C. § 1752(a)(2); (3) Violent Entry and Disorderly Conduct in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(A); and (4) Parading, Demonstrating, or Picketing in a Capitol Building, in violation of 40 U.S.C. § 5104(e)(2)(G). Subsequently, on January 21, 2021, the government filed an Amended Information amending the code section in Count 3 from 40 U.S.C. § 5104(e)(2)(A) to 40 U.S.C. § 5104(e)(2)(D).

On January 19, 2021, Magistrate Judge Lammens held a detention hearing on the matter in Florida. At the start of the hearing, the AUSA stated that he wanted to share some information he had received about the standard for detention. He went on to say that because Curzio was charged with "misdemeanors that are not considered crimes of violence under the categorical approach, he is eligible for detention only upon a showing that he is a flight risk." (ECF No. 33, 1/19/2021 Tr. at 5.)[2] Again, the defense did not make any objections. (*Id*.)[3] The court then proceeded to the detention hearing.

Following the detention hearing and arguments from both counsel, Magistrate Judge Lammens analyzed the factors under § 3142(g) and considered several salient facts in Curzio's

---

[2] As detailed below, this was not a correct statement of the law. The government was able to request a hearing, or the court could have held one *sua sponte*, under 18 U.S.C. § 3142(f)(2)(A) (flight risk) or § 18 U.S.C. § 3142(f)(2)(B) (risk of obstruction). Either would have provided an adequate basis to trigger a detention hearing.

[3] The detention order in this case indicates the basis for the government's motion for the detention hearing was 18 U.S.C. § 3142(f)(1). (ECF No. 21, Detention Order at 1). However, as is clear in the detention-hearing transcript from January 21, 2021, this was a clerical error, because the government ultimately based its motion on risk of flight under § 3142(f)(2)(A).

3

case. Among these, he found: Curzio is charged with four misdemeanors involving alleged "disorderly and disruptive conduct" inside the Capitol that "challenged the very existence and establishment of the law"; Curzio traveled over 800 miles from Florida to commit the alleged conduct; Curzio had been "released from prison less than two years earlier on truly significant charges," namely, an Attempted First Degree Murder; it was undisputed that while Curzio was in prison, he was a member of a "white supremacist gang," though he may no longer be a member; and Curzio faces "three years in prison" for the four misdemeanors, "not an insignificant amount of time to spend in prison by any means." (*Id.*, 1/19/2021 Tr. at 24-26.)

Applying the § 3142(g) factors to those facts, Magistrate Judge Lammens found, by clear and convincing evidence, that no condition or combination of conditions of release would reasonably assure the safety of any person or the community if Curzio is released, and, by a preponderance of the evidence, that no condition or combination of conditions of release would reasonably assure Curzio's appearance in court as required. (*Id.*, 1/19/2021 Tr. at 26.) The defense did not object to the magistrate's consideration of Curzio's dangerousness and the ultimate finding regarding assuring the safety of others or the community. (*Id.*, 1/19/2021 Tr. at 27.) The defendant was detained and transferred to Washington, D.C.

On February 14, 2021, Curzio filed a Motion for Modification of Pretrial Detention Order and Memorandum of Points and Authorities. In that motion, Curzio argued that an "analysis of the factors set forth in 18 U.S.C. § 3142(g) weighs heavily in favor of Mr. Curzio's pretrial release." (ECF No. 29.) Curzio did not argue that the government did not establish a basis for a detention hearing under § 3142(f). Responding to the arguments in Curzio's motion, the government argued that the factors in § 3142(g) supported Curzio's continued detention. Among

4

its arguments, the government stressed: (1) under § 3142(g)(1), the nature and circumstances of the charged offenses, albeit misdemeanors, are troubling, considering the harrowing context of what occurred at the Capitol on January 6, 2021; (2) under § 3142(g)(2), the weight of the evidence against Curzio is strong, a factor the defense conceded; (3) under § 3142(g)(3), the defendant's prior conviction for Attempted First Degree Murder, for which he was released from custody less than two years before the current offenses, makes his criminal history concerning; and (4) under § 3142(g)(4), considering Curzio's participation in an unruly crowd inside the Capitol, his travel from Florida to commit the current offenses, his prior conviction for a very violent offense, and his current offending after a relatively recent release from custody all point to serious concerns about the danger he poses to others and the community and his future appearance before the court if he is released.

The Court held a hearing on this motion on February 19, 2021. At that hearing, the Court raised several issues *sua sponte*, and directed the parties to brief on them. Specifically, the Court requested that the parties brief two issues related to the Motion:

> (1) Whether a defendant, if he did not object to the court considering factors such as his dangerousness when ruling on the government's motion pursuant to 18 U.S.C. § 3142(f)(2), waived or forfeited the right to later object to the court considering the defendant's potential dangerousness in a subsequent bond-review motion.; and

> (2) Whether the Court, in deciding whether a defendant should remain detained, can consider all the factors under 18 U.S.C. § 3142(g) – including the "nature and seriousness of the danger to any person or the community posed by" the defendant's release

– if the government's only basis for requesting a detention hearing rests on 18 U.S.C. § 3142(f)(2), which concerns a defendant's risk of flight or obstruction

## ARGUMENT

**1. Relevant Legal Principles under the Bail Reform Act**

The Bail Reform Act ("BRA") provides for a detention hearing in one of two ways. First, under certain circumstances related to a defendant's past criminal history at the time the defendant is alleged to have committed the offense or the offense the defendant is alleged to have committed, a rebuttable presumption in favor of detention applies, and the court proceeds directly to the detention hearing to consider whether the defendant has rebutted the presumption, and, if so, whether detention is warranted under the factors in § 3142(g). *See* § 3142(e)(2)-(3). In that route to a detention hearing—which is not at issue here—the court proceeds directly to the question of whether detention is appropriate under § 3142(g) without considering any factors in § 3142(f). *See, e.g.*, *United States v. Taylor*, 289 F.Supp.3d 55, 63-64 (D.D.C. 2018) (finding the charged offenses "trigger[ed] the presumption," and then considering whether detention was appropriate under § 3142(g) without separately analyzing whether a detention hearing was warranted under § 3142(f); *United States v. Hunt*, 240 F. Supp.3d 128, 133-34 (D.D.C. 2017) (same); *United States v. Muschetta*, 118 F.Supp.3d 340, 343-44 (D.D.C. 2015) (same).

The second way in which a case proceeds to a detention hearing is through § 3142(f). Section 3142(f) states that a "judicial officer shall hold a hearing to determine whether any conditions or combination of conditions set forth in subsection (c) of this section will reasonably assure the appearance of such person as required and the safety of any other person and the community." Such a hearing shall be held upon motion of the government under 18 U.S.C. § (f)(1)

6

for certain qualifying offenses, none of which is applicable in this case. Under 18 U.S.C. § 3142(f)(2), a hearing shall be held "upon a motion of the attorney for the Government or upon the judicial officer's own motion in a case, that involves- (A) a serious risk that such person will flee; or (B) a serious risk that such person will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure or intimidate a perspective witness or juror."

When, as here, the second potential avenue to a detention hearing applies, the analysis proceeds in two steps. First, the judicial officer, based on a "proffer of what the hearing might establish," must ascertain if one of the circumstances enumerated under § 3142(f) is present to "trigger[] a detention hearing." *See United States v. Singleton,* 182 F.3d 7, 9, 12 (D.C. Cir. 1999) If so, the judicial officer assesses case-specific facts to determine "whether conditions short of detention will 'reasonably assure the appearance of the person as required and the safety of any other person and the community.'" *Id.*

The sole question at the first step under § 3142 is whether the government has established the threshold question of whether "a hearing is appropriate." *Singleton,* 182 F.3d at 9 (citing 18 U.S.C. § 3142(g)); *see also United States v. Gloster,* 969 F. Supp. 92, 95 (D.D.C. 1997) (holding court can conduct a "fact-sensitive inquiry" into the defendant's long criminal history "only under Sections 3142(e) and (g), that is, *after* the triggering provisions of Section 3142(f) have been met and detention therefore is available") (emphasis in original). By contrast, at the second step, "the judicial officer *must consider* several enumerated factors to determine whether conditions short of detention will 'reasonably assure the appearance of the person as required *and* the safety of any other person and the community.'" *Id.* (quoting 18 U.S.C. § 3142(g)) (emphasis added); *see also*

7

*United States v. Ailon-Ailon,* 875 F.3d 1334, 1336-37 (10th Cir. 2017) (setting forth same two-step process).

If the defendant is ordered detained following the court's consideration of the factors under § 3142(g) at the second step, the defendant may move for the detention hearing to be "reopened" for a reconsideration of the § 3142(g) factors where the defendant adduces new information material to the underlying detention question." *See United States v. Lee*, 451 F. Supp. 3d 1, 5 (D.D.C. 2020); 18 U.S.C. § 3142(f)(2).[4] Similarly, if the defendant is "ordered detained" by a magistrate judge outside the court of original jurisdiction, the defendant may move for "revocation or amendment of the order." § 3145(b).

2. **The Court Should Not Reconsider the Basis for a Detention Hearing because the Defendant May Not Raise, and Has Not Raised, that Claim.**

The BRA enables a detained defendant to "reopen" the question of whether he was properly detained under the factors § 3142(g). *See* §§ 3142(f)(2); 3145(b). But, as noted above, it does not envision a defendant reopening the question of whether a detention hearing was proper in the first instance. In particular, neither § 3142(f)(2) nor § 3145(b) provides such a mechanism. By allowing the defendant to come forward with information not known at the time of the detention hearing "that has a material bearing" on ensuring the defendant's appearance or the community's safety (*i.e.*, the underlying detention question), § 3142(f)(2) focuses on whether the initial detention determination remains correct. And the most natural reading of § 3145(b)'s reference to "amendment or revocation" is to a detention determination: a court amends or revokes the

---

[4] For purposes of clarity, citations to § 3142(f)(2) in this paragraph and the subsequent section refer to the block of text underneath § 3142(f)(2)(B).

8

conditions of release or detention. It does not "amend" or "revoke" a decision to hold a detention hearing in the first place.

Reconsidering the reason(s) underlying the defendant's eligibility for a detention hearing in the first instance is all the more so inappropriate here where the defendant has never—neither before Judge Lammens in the Middle District of Florida nor before this Court—sought reconsideration of that question. The Court should also opt not to consider this issue *sua sponte*. *See Sineneng-Smith v. United States*, 140 S. Ct. 1575, 1579 (2020) (explaining that, under the party presentation principle, courts "rely on the parties to frame issues for decision and assign courts the role of neutral arbiter of matters the parties present" (citing *Greenlaw v. United States*, 554 U.S. 237, 243 (2008)); *see also Puckett v. United States*, 556 U.S. 129, 134 (2009) (explaining the importance of the contemporaneous-objection rule to prevent a litigant from "sandbagging" the court by remaining silent about an objection and then voicing it only if the case does not conclude in his favor). If the Court nonetheless decides to reopen the question concerning the basis for a detention hearing, the government would request to supplement the record to rely on both §§ 3142(f)(2)(A) (flight risk) and 3142(f)(2)(B) (obstruction).

### 3. The Basis for Detention Hearing in the First Instance Does Not Constrain the Court's Consideration of the Factors Under § 3142

Whatever the basis for detention, the BRA's plain language does not limit the Court's consideration of the appropriate factors under § 3142(g). Indeed, exactly the opposite: § 3142(g) directs that judges "shall" consider the "available information concerning" the enumerated factors. Similar language in the sentencing and supervised-release statutes, 18 U.S.C. § 3553(a) and § 3583, for example, affords a court "wide discretion" to craft the most appropriate sentence or set of conditions. *See United States v. Hunt*, 843 F.3d 1022, 1030 (D.C. Cir. 2016).

9

Section 3142(g)'s mandatory language, moreover, articulates no link between the rationale for a detention hearing under either §§ 3142(e) or 3142(f) and the factors a court considers under §3142(g). Instead, once "a hearing is appropriate, the judicial officer *must* consider several enumerated factors to determine" whether detention or release is appropriate. *Singleton*, 182 F.3d at 9; *see United States v. Holmes,* 438 F.Supp.2d 1340, 1341 (S.D. Fla. 2005) (reasoning that, under *Singleton*, a court "should evaluate all the factors in subsection (g) when making its detention determination . . . regardless of whether detention is sought under [§ 3142] (f)(1) or (f)(2)"); *accord United States v. Plata Hernandez,* 766 Fed. Appx. 651, 656 (10th Cir. 2019) ("The plain language of §3142(f) pertains to what triggers the requirement that a detention hearing be held, not the factors that guide the detention decision. Those factors are listed in § 3142(g), which contains no language limiting the consideration of those factors to hearings held only under subsection (f)(1), not subsection (f)(2).")[5] Consistent with *Singleton*, therefore, this Court should consider the full panoply of factors when deciding whether to uphold Curzio's detention—and, should, for the reasons given in the government's prior opposition, determine that continued detention is appropriate.

---

[5] Some out-of-circuit cases appear to follow a different approach. *See, e.g.*, *United States v. Ploof,* 851 F.2d 7 (1st Cir. 1988) (holding that dangerousness is not appropriately considered in cases where the basis for detention is 18 U.S.C. § 1342(f)(2)); *United States v. Himler,* 797 F.2d 156 (3d Cir. 1986) (reasoning that the district court could only consider dangerousness in setting conditions of release where the defendant's case involved an offense specified in 18 U.S.C. § 3142(f)(1)). But those cases may simply stand for the unobjectionable rule that "a finding of dangerousness" is not a basis for a detention hearing without satisfying a triggering factor in § 3142(f)(1) and (2) because such an approach would render those provisions "meaningless." *See United States v. Twine*, 344 F.3d 987, 987 (9th Cir. 2003) (citing *Himler* and *Ploof* as supporting that proposition); *see also Singleton*, 182 F.3d at 9 (describing *Ploof* as addressing when a detention hearing is available). Here, the government does not rely on dangerousness as the basis for a detention hearing. More to the point, however, this Court is bound by *Singleton*'s approach that permits plenary consideration of the §3142(g) factors once the government has satisfied the threshold inquiry under §3142(f) that a detention hearing is appropriate.

10

**Conclusion**

WHEREFORE, for the foregoing reasons, and for any other such reasons as may appear to the Court, we request that the Court DENY Curzio's Motion for Modification of Pretrial Detention Order, and that Curzio remain held without bond pending trial.

Respectfully submitted,

MICHAEL R. SHERWIN
Acting United States Attorney
N.Y. Bar No. 4444188

BY: */s/ Seth Adam Meinero*
_____
SETH ADAM MEINERO
Trial Attorney
Detailee
D.C. Bar Number 976587
202-252-5847

TARA RAVINDRA
Assistant United States Attorney
D.C. Bar Number 1030622
202-252-7672

United States Attorney's Office for the
    District of Columbia
Federal Major Crimes Section
555 4th Street, N.W., Fourth Floor
Washington, DC 20530

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on February 26, 2021, I served a copy of this pleading on defendant's counsel through the Court's electronic filing system.

*/s/ Seth Adam Meinero*
_____
SETH ADAM MEINERO
Trial Attorney
Detailee
United States Attorney's Office
 for the District of Columbia
D.C. Bar Number 976587
202-252-5847