UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| *v.* | : | |
| | : | **Crim. No. 21-CR-0041(CJN)** |
| MICHAEL CURZIO, | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT'S
SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION
FOR MODIFICATION OF PRETRIAL DETENTION ORDER**

Defendant Michael Curzio ("Curzio"), by and though undersigned counsel, hereby submits his Response to the Government's Supplemental Opposition to Defendant's Motion for Modification of Pretrial Detention Order and states as follows:

**BACKGROUND**

For the purposes of this response, and without conceding any factual allegations, Mr. Curzio concurs with the government's statement of the *procedural posture* of this matter. *See* Gov. Supp. at 3-6. Relevant to this response, the Court has directed the parties to address two issues:

1) Whether Mr. Curzio, waived his right to object to the Court's consideration of dangerousness in a bond review motion if he did not initially object to the Magistrate Judge's consideration of that factor when ruling on the government's detention motion pursuant to 18 U.S.C. § 3142(f)(2); and

2) Whether the Court can consider all the 18 U.S.C. § 3142(g) factors, including dangerousness, if the government initially requested detention pursuant to 18 U.S.C. § 3142(f)(2).

For the reasons that follow, Mr. Curzio did not waive his right and the Court should not consider dangerousness in setting conditions of release.

## ARGUMENT

**A.  Mr. Curzio Did Not Waive an Objection to the Magistrate Judge's Consideration of His Alleged Dangerousness When Ruling on the Government's Detention Motion Pursuant to 18 U.S.C. § 3142(f)(2) Because Review of the Detention Order is *De Novo***

Pursuant to 18 U.S.C. § 3145(b):

> If a person is ordered detained by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense and other than a Federal appellate court, the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order. The motion shall be determined promptly.

18 U.S.C. § 3145(b).  A district judge's review of a magistrate judge's detention decision is *de novo*.  See *United States v. Hunt*, 240 F. Supp. 3d 128, 132-33 (D.D.C. 2017); *United States v. Taylor*, 289 F. Supp. 3d 55, 63 (D.D.C. 2018).  *See, e.g., United States v. Koenig*, 912 F.2d 1190, 1191 (9th Cir. 1990) (citing cases from the Second, Third, Fifth, Eighth, and Eleventh Circuits, which all hold that the district court should conduct a *de novo* review of the Magistrate Judge's detention decision); *United States v. Stewart*, 19 F. App'x 46, 48 (4th Cir. 2001); *United States v. Hazime*, 762 F.2d 34, 36 (6th Cir. 1985).

"*De novo* means …, as it ordinarily does, a fresh, independent determination of 'the matter' at stake; the court's inquiry is not limited to or constricted by" the prior record. *Greenpeace, Inc. v. Dep't of Homeland Sec.*, 311 F. Supp. 3d 110, 124 (D.D.C. 2018) (citing *Doe v. United States*, 821 F.2d 694, 697-98 (D.C. Cir. 1987) (*en banc*)).  The "reviewing district court therefore undertakes the analysis outlined in § 3142, … without any deference to the magistrate judge's findings." *United States v. Chrestman*, 2021 U.S. Dist. Lexis 361117 at *15 (D.D.C. Feb. 26, 2021) (C.J. Howell) (Case 21-MJ-218 (ZMF)).

While it is correct that Mr. Curzio did not argue that the government had not established a basis for a detention hearing pursuant to § 3142(f)(2)(A), this Court, under the *de novo* standard of review, should conduct a fresh, independent determination that gives no deference to Magistrate Judge Lammens' prior determination.  In this fresh and independent review of the matter, Mr. Curzio objects to the consideration of any "dangerousness" factors in ruling upon the government's detention motion pursuant to § 3142(f)(2)(A) and this Court, under *de novo* review, can consider the present objection.

      **B.**      **The Magistrate Judge Erred in Considering Dangerousness When Determining Whether a Detention Hearing Was Appropriate And Should Not Consider Dangerousness When Setting Conditions of Release**

The Bail Reform Act carefully limits the circumstances under which detention may be sought to the most serious of crimes.  *See, e.g., United States v. Salerno*, 481 U.S. 739, 747 (1987).  Under the Bail Reform Act, courts "shall hold" detention hearings in two instances.  First, when the case involves any one of the enumerated serious offenses outlined in § 3142(f)(1) – cases involving allegations of particularly dangerous criminal activity that are not at issue here.  Second, when "serious" concerns about risk of flight or obstruction of justice are present.  *See* 18 U.S.C. § 3142(f)(2).  *United States v. Gibson*, 384 F.Supp.3d 955, 960 (N.D. Ind. 2019).  "There can be no detention hearing – and therefore no detention – unless an (f)(1) or (f)(2) criterion is met."  *Id.  See also United States v. Singleton*, 182 F.3d 7, 9 (D.C. Cir. 1999) (absent one of the triggering circumstances, "detention is not an option").  Normally, once one of these conditions is met, a hearing is held "to determine whether any condition or combination of conditions . . . will reasonably assure the appearance of such person as required and the safety of any other person and the community." § 3142(f).

In *United States v. Himler*, the Third Circuit considered "whether, under the Bail Reform Act of 1984, an accused taken into custody may be detained prior to trial based on danger to the community where the detention hearing was justified only by an alleged serious risk of flight pursuant to 18 U.S.C. § 3142(f)(2)(A)," *Himler*, 797 F.2d at 157.  Thus, *Himler* addressed the precise issue before this Court.  Himler was charged with production of a false identification document and the government moved for detention pursuant to 18 U.S.C. § 3142(f)(2). *Id.* at 158.  The Third Circuit noted that the "legislative history of the Bail Reform Act of 1984 makes clear that to minimize the possibility of a constitutional challenge, the drafters aimed toward a narrowly-drafted statute with the pretrial detention provision addressed to the danger from 'a small but identifiable group of particularly dangerous defendants.'" *Himler*, 797 F.2d 160 (citing S. Rep. No. 225, 98th Cong., 1st Sess. 20 (1983)).

The Third Circuit found that "Himler's case does not involve any of the offenses specified in subsection (f)(1), nor has there been any claim that he would attempt to obstruct justice or intimidate a witness or juror" and held that

> the statute does not authorize the detention of the defendant based on danger to the community from the likelihood that he will if released commit another offense involving false identification. Any danger which he may present to the community may be considered only in setting conditions of release. He may be detained only if the record supports a finding that he presents a serious risk of flight."

*Id.* at 160.  *See also Gibson*, 384 F. Supp.3d at 964 ("the Court will not consider the danger Gibson poses to the community because consideration of dangerousness is improper where, as is the case here, the sole ground for detention is 18 U.S.C. § 3142(f)(2)(A)"); *United States v. Chavez-Rivas*, 536 F.Supp.2d 962, 968 (E.D. Wisc. 2008) ("detention as a danger is permitted only in cases covered by § 3142(f)(1)").

The government relies on *United States v. Singleton*, 182 F.3d 7 (D.C. Cir. 1999) and *United States v. Holmes*, 438 F. Supp.2d 1340 (S.D. Fla. 2005) for the proposition that a court should consider all the § 3142(g) factors when making detention determinations regardless of whether detention is sought under § 3142(f)(1) or (f)(2). *Singleton* is inapposite because it concerned a triggering factor under § 3142(f)(1) and not under § 3142(f)(2) as is the case here. *Holmes*, on the other hand, deals squarely with the issue at hand. However,

> The *Holmes* interpretation runs into the very problem *Salerno* indicated was *not* present in the Bail Reform Act. That is, this broad reading of the Bail Reform Act has the potential to apply the Act to a nearly limitless range of cases, thereby raising constitutional concerns under the Due Process Clause of the Fifth and Eighth Amendment's ban on excessive bail. … Any reading of the Bail Reform Act that allows danger to the community as the sole ground for detaining a defendant where detention was moved for only under (f)(2)(A) runs the risk of undercutting one of the rationales that led the *Salerno* Court to uphold the statute as constitutional. Because of this potential constitutional issue and because the *Himler* interpretation is another plain language interpretation of the Bail Reform Act that involves no such constitutional issue, the Court will not follow the *Holmes* interpretation. '[W]hen deciding which of two plausible statutory constructions to adopt, a court must consider the necessary consequences of its choice. If one of them would raise a multitude of constitutional problems, the other should prevail.' Moreover, the Court does find that the *Himler* line of cases reads the statute in a more natural manner.

*Gibson*, 384 F.Supp.3d 964 (citations omitted).

Here, the government initially moved for detention pursuant to 18 U.S.C. § 3142(f)(2) arguing that Mr. Curzio was "eligible for detention only upon a showing that he is a risk of flight" or § 3142(f)(2)(A). (Tr. 1/19/21 at 5).[1] Magistrate Judge Lammens did not make an initial determination whether a hearing was warranted in the first place. However, there can be no detention hearing unless a § 3142(f)(1) or (f)(2) factor is present. *See Gibson*, 384 F.Supp.3d at 960. Had he made that determination, the next step for the Court is to determine

---

[1] The government made no mention whether it was also proceeding pursuant to § 3142(f)(2)(B) (serious risk of obstruction). In its supplemental opposition, the government notes that it "does not rely on dangerousness as the basis for a detention hearing." Doc. 34 at 10 n.5.

5

whether the government has shown by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the defendant's appearance as required. *See* Himler, 797 F.2d at 161; Gibson*,* 384 F.Supp.3d at 965; Chavez-Rivas 536 F.Supp.2d at 968. Magistrate Lammens nevertheless held a detention hearing where he considered allegations of Mr. Curzio's alleged dangerousness in finding by clear and convincing evidence that there were no conditions of combination of conditions that would reasonably assure the safety of a person or the community were Mr. Curzio to be released.  The magistrate also found by a preponderance of the evidence that there were no conditions of combination of conditions that would reasonably assure his presence if released.  (Tr. 1/19/21 at 26).  In effect, the magistrate judge considered all the § 3142(g) factors before even considering if a hearing was appropriate.

## CONCLUSION

WHEREFORE,  for all the foregoing reasons, and any others that may appear to the Court, Mr. Curzio respectfully requests that his Motion for Modification of Pre-Trial Detention Order be GRANTED.

**Dated**: Washington, DC
March 3, 2021                                  **BALAREZO LAW**

                                                                    /s/
                                         By:    _____
                                                A. Eduardo Balarezo, Esq.
                                                D.C. Bar # 462659
                                                400 Seventh Street, NW
                                                Suite 306
                                                Washington, DC  20004
                                                Tel. 202-639-0999
                                                Fax. 202-639-0899

                                                *Counsel for Defendant Michael Curzio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 3rd day of March 2021, I caused a true and correct copy of the foregoing Defendant's Supplement to Motion for Modification of Pre-Trial Detention Order and Memorandum of Points and Authorities in Support Thereof to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
_____
A. Eduardo Balarezo