UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES : | |
| : | |
| **v.** : | |
| : | Crim. No. 21-MJ-0041(CJN) |
| **MICHAEL CURZIO,** : | |
| : | |
| *Defendant.* : | |

**DEFENDANT'S MOTION FOR**
**RECONSIDERATION OF PRETRIAL DETENTION ORDER**

Defendant Michael Curzio ("Curzio"), by and though undersigned counsel, hereby respectfully moves this Honorable Court, pursuant to the Federal Rules of Criminal Procedure, 18 U.S.C. § 3141 *et seq.* and *United States v. Munchel* to reconsider its Order of detention and to release Mr. Curzio under the supervision of the Pretrial Services Agency.  As grounds for this motion Mr. Curzio states as follows:

On March 9, 2021, this Court held a hearing on Mr. Curzio's request for release pending trial.  At the conclusion of the hearing, this court denied the request for release on conditions. In rendering its decision, the Court noted that although Mr. Curzio himself did not engage in violence at the Capitol, the group of which Mr. Curzio was a part was violent towards police.  The court also considered Mr. Curzio's prior record as an indicia of dangerousness.  The Court's decision focused on Mr. Curzio's alleged dangerousness were he to be released.

Subsequent to the hearing and the court's ruling in this matter, the United States Court of Appeals for the District of Columbia Circuit issued an opinion in *United States v. Munchel*, providing significant guidance for the District Courts in its analysis of pretrial detention decisions particularly as it relates to the hundreds of defendants arrested in relation to

the events of January 6, 2021 at the United States Capitol Building. *See United States v. Munchel*, No. 21-3010 (D.C. Cir. March 26, 2021).

In *Munchel*, the defendant had participated in the activities of January 6th at the United States Capitol in a much more significant manner than Mr. Curzio. Munchel, along with his co-defendant/mother, rallied at the Capitol wearing military-style tactical gear. Prior to entering the building, they are heard in recordings discussing their desire to enter the building and their need to leave their weapons outside. Upon entry, Munchel acquired zip ties, entered the House chamber, and discussed a desire to take the Speaker's gavel. Further, Munchel and his co-defendant both gave statements to media in the following days indicating a lack of remorse for their actions and their potential desire to act in a similar manner moving forward. In making its determination on dangerousness, the District Court stated that "Munchel's alleged conduct indicates that he is willing to use force to promote his political ends," and that "[s]uch conduct poses a clear risk to the community." *United States v. Munchel*, No. 1:21-CR-118-RCL, 2021 WL 620236 at *6 (D.D.C. Feb. 17, 2021).

However, the D.C. Circuit found that the trial court "did not explain how it reached that conclusion notwithstanding the countervailing finding that 'the record contains no evidence indicating that, while inside the Capitol, Munchel or [his co- defendant] vandalized any property or physically harmed any person'... and the absence of any record evidence that either Munchel or [his co- defendant] committed any violence on January 6." *Munchel*, No. 21-3010 at *18. The D.C. Circuit continued, "[i]n our view, those who actually assaulted police officers and broke through windows, doors, and barricades, and those who aided, conspired with, planned, or coordinated such actions, are in a different category of dangerousness than those who cheered on the violence or entered the Capitol after others cleared the way." *Id*. at 19.

The D.C. Circuit also found that the trial court failed to consider, but should have considered, the unique circumstances and large crowds that made the actions of the defendants possible on January 6. *Id*. Without those unique circumstances, the alleged conduct of defendants would not have been possible and are therefore unlikely to pose a threat of reoccurring in the future.

When rendering its order on bond in the instant case, this court did not have the benefit of the guiding factors from *Munchel* to aid its consideration. Additionally, the court now has the benefit of comparing Mr. Curzio's alleged involvement and perceived dangerousness in comparison to other January 6 defendants to guide its decision. Given the newly enunciated considerations from the *Munchel* decision, it is necessary for the court to reconsider its bond decision for appropriate evaluation of the *Munchel* factors.

**WHEREFORE** for the foregoing reasons and any others that may appear to the Court, Mr. Curzio respectfully requests that he be released pending trial in this matter subject to the conditions set forth above.

**Dated**: Washington, DC
April 9, 2019

**BALAREZO LAW**

By: /s/
_____
A. Eduardo Balarezo, Esq.
D.C. Bar # 462659
400 Seventh Street, NW; Suite 306
Washington, DC  20004
Tel. 202-639-0999
Fax. 202-639-0899

*Counsel for Defendant Michael Curzio*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 9th day of April 2021, I caused a true and correct copy of the foregoing Defendant's Motion for reconsideration of Pre-Trial Detention Order to be delivered to the parties in this matter via Electronic Case Filing (ECF).

/s/
_____
A. Eduardo Balarezo