1              IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA
2

3    UNITED STATES OF AMERICA,
                                        CR Action
                   Plaintiff,          No. 1:21-041
4

5         vs.                           Washington, DC
                                        July 12, 2021
6    MICHAEL THOMAS CURZIO,
                                        2:00 p.m.
7                  Defendant.

8           TRANSCRIPT OF VIDEO PLEA AND SENTENCING
            BEFORE THE HONORABLE CARL J. NICHOLS
9              UNITED STATES DISTRICT JUDGE


10   APPEARANCES:

11   For the Plaintiff:      SETH ADAM MEINERO
                                DOJ-USAO
12                              555 4th St., NW
                                Washington, DC 20004
13                              (202) 252-5847

14                           SUSAN LEHR
                                DOJ-USAO
15                              1620 Dodge Street, Suite 1400
                                Omaha, NE 68102-1506
16                              (402) 661-3700

17   For the Defendant:      A. EDUARDO BALAREZO
                                BALAREZO LAW
18                              400 Seventh Street, NW
                                Suite 306
19                              Washington, DC 20004
                                (202) 639-0999

20

21

22   Reported By:      LORRAINE T. HERMAN, RPR, CRC
                        Official Court Reporter
23                      U.S. District & Bankruptcy Courts
                        333 Constitution Avenue, NW
24                      Room 6720
                        Washington, DC 20001
25                      (202)354-3196

1            **P R O C E E D I N G S**

2            THE COURT:  Good afternoon, everyone.  Assuming

3    everyone can hear me, Ms. Lesley, could you please call this

4    matter?

5            COURTROOM DEPUTY:  Yes, Your Honor.

6            This is criminal case 2021-041, United States of

7    America versus Michael Thomas Curzio, Defendant number 2.

8            Counsel, please introduce yourselves for the

9    record, beginning with the government.

10           MR. MEINERO:  Good afternoon, Your Honor.  Seth

11   Adam Meinero for the United States.

12           THE COURT:  Mr. Meinero.

13           MS. LEHR:  Also, Susan Lehr.

14           THE COURT:  Ms. Lehr.

15           MR. BALAREZO:  Good afternoon, Eduardo Balarezo,

16   on behalf of Michael Thomas Curzio.

17           THE DEFENDANT:  Good afternoon, Your Honor.

18   Michael Thomas Curzio, Defendant.

19           THE COURT:  I understand that Mr. Curzio would

20   like to enter a plea of guilty to Count 4; is that correct,

21   Mr. Balarezo?

22           MR. BALAREZO:  That's correct, Your Honor.

23           THE COURT:  Before we proceed further, just to

24   address a preliminary matter, which we discussed before,

25   ordinarily we would conduct this plea hearing in person, but

1        during the COVID-19 pandemic Congress has authorized federal

2        judges to take misdemeanor guilty pleas by video so long as

3        after consulting with counsel Defendant consents.  We may

4        have had that authority before, but in any event, the plea

5        agreement also indicates the parties consent to appear today

6        by video conference, but I want to make sure that we have

7        agreement to proceeding this way on the record.

8                So, Mr. Curzio, after consulting with counsel,

9        have you decided further delay is inappropriate and you

10       would like to resolve this case as promptly as possible and

11       without the risk of attending physically being present in

12       the courtroom during the COVID-19 pandemic?

13               THE DEFENDANT:  Yes, sir.

14               MR. BALAREZO:  Mr. Balarezo, do you agree we

15       should proceed today by video?

16               MR. BALAREZO:  That's correct, Your Honor.

17               THE COURT:  Ms. Lesley, could you please give the

18       oath to the Defendant?

19               COURTROOM DEPUTY:  Mr. Curzio, please take your

20       phone off mute and raise your right hand.  Do you solemnly

21       swear or affirm you will well and truly answer all of the

22       questions propounded to you, so help you God?

23               THE DEFENDANT:  Yes.

24               COURTROOM DEPUTY:  Thank you.

25       **BY THE COURT:**

1    **Q.**    Mr. Curzio, the purpose of this guilty plea is to

2    allow you to enter a plea of guilty to the criminal charges

3    against you.  Because it is an important decision, it is

4    vital you understand the rights you will be giving up by

5    entering a guilty plea.

6              I will ask you a series of questions to make sure

7    that the plea is knowing and voluntary and at the advice of

8    your attorney.  If you don't understand any of my questions,

9    please tell me.  I will try to explain things more clearly,

10   and I will let you consult with your counsel.  If you don't

11   ask for clarification, I will assume you understand the

12   questions.

13             You are under oath and obligated to answer all

14   questions truthfully.  If you are not truthful, and the plea

15   somehow falls apart, the Government may use some of your

16   statements in a later proceeding or a separate prosecution

17   for perjury or making a false statement.

18             What is your full name, sir?

19   **A.**    Michael Thomas Curzio.

20   **Q.**    How old are you?

21   **A.**    Thirty-five.

22   **Q.**    Were you born in the United States?

23   **A.**    Yes, sir.

24   **Q.**    Are you sick or impaired in any way that could

25   prevent you from understanding what is happening here today?

1      **A.**    No, sir.

2             THE COURT:  Mr. Balarezo, do you have any reason

3      to believe that Mr. Curzio will be unable to understand what

4      we discuss today?

5             MR. BALAREZO:  I do not, Your Honor.

6      **BY THE COURT:**

7      **Q.**    Mr. Curzio, have you had enough time to talk to

8      Mr. Balarezo about this case?

9      **A.**    Yes, sir.

10     **Q.**    Have you received a copy of the information

11     against you, which is the written charge of charges against

12     you?

13     **A.**    I haven't received it but I went over it with my

14     lawyer on Friday.

15     **Q.**    You've reviewed the information with your lawyer?

16     **A.**    Yes, sir.

17     **Q.**    Have you had the opportunity to discuss with Mr.

18     Balarezo the charge against you and whether you should enter

19     a plea today?

20     **A.**    Yes, sir.

21     **Q.**    Are you satisfied with the services of Mr.

22     Balarezo in this matter?

23     **A.**    Yes, sir.

24            THE COURT:  Mr. Balarezo, have you had enough time

25     to review the law and facts in this matter?

1          MR. BALAREZO:  I have, Your Honor.

2          THE COURT:  I find Mr. Curzio is responding

3   appropriately to my questions and appears to understand them

4   fully.  I find he is competent and capable of entering an

5   informed plea.

6   **BY THE COURT:**

7     **Q.**   Mr. Curzio, before I accept your plea today, I

8   need to explain the rights you have in this matter and

9   confirm you understand them.

10          Please listen closely and let me know if you don't

11   understand anything and need to speak with Mr. Balarezo

12   privately.  In the event you need to do that, we can create,

13   essentially, a sidebar where just you and Mr. Balarezo would

14   be able to communicate and no one else would hear you.

15          As to your right to a jury trial and your rights

16   to appeal, do you understand that you have the right to

17   plead not guilty to any offense charged against you?

18     **A.**   Yes, sir.

19     **Q.**   Do you understand that you have the right to

20   challenge the Government's case against you in a jury trial

21   where citizens of the District of Columbia would sit as a

22   jury and determine whether you are guilty based on evidence

23   presented in the courtroom?

24     **A.**   Yes, sir.

25     **Q.**   Do you understand that if you were to go to trial

1    you would have the right to be represented by your lawyer at

2    that trial and every stage of the proceeding?

3         **A.**   Yes, sir.

4         **Q.**   Do you understand if you were to exercise your

5    right to a trial, you would have the right to confront and

6    cross examine any of the Government's witnesses who testify

7    against you?

8         **A.**   Yes, sir.

9         **Q.**   Do you understand that if you were to exercise

10   your right to a trial, you would have the right to present

11   your own witnesses and the right to subpoena them to require

12   them to testify in your defense?

13        **A.**   Yes, sir.

14        **Q.**   Do you understand that at a trial you have the

15   right to testify and present evidence on your behalf but

16   only if you wanted to; if you did not want to testify or

17   present evidence, you would not have to do so?

18        **A.**   Yes, sir.

19        **Q.**   Do you understand that unless and until I accept

20   your guilty plea, you are presumed innocent under the law,

21   unless if you were to choose to go to trial, the Government

22   would have the burden to prove you were guilty beyond a

23   reasonable doubt.  Do you understand that?

24        **A.**   Yes, sir.

25        **Q.**   Do you understand that, Mr. Curzio?

1      **A.**   Yes, sir.

2      **Q.**   Thank you.  We may have just been talking over

3   each other a little bit there.

4           Do you understand if you choose to go to trial and

5   were convicted, you would have the right to appeal your

6   conviction and have a lawyer help prepare your appeal, but

7   by pleading guilty you are giving up many of your rights to

8   appeal your conviction and sentence with some limited

9   exceptions.  Do you understand that?

10     **A.**   Yes, sir.

11     **Q.**   I will just go through them very briefly.  You are

12  waiving the right to appeal your conviction, that means, for

13  instance, you couldn't later try to appeal your conviction

14  and argue that your conduct doesn't fall within the scope of

15  the criminal statute or you couldn't argue the statute to

16  which you are pleading guilty is unconstitutional.  Do you

17  understand you are waiving your rights to issues such as

18  those?

19     **A.**   Yes, sir.

20     **Q.**   You are also waiving your right to appeal your

21  sentence.  You can't appeal your prison term, fine,

22  forfeiture, award of restitution, term of supervised

23  release, authority to set the conditions of release or how I

24  determine your sentence, with some limited exceptions, which

25  I will go through.  Do you understand that in general?

1          **A.**    Yes, sir.

2          **Q.**    So as I mentioned, there are some limited

3     exceptions to the waiver of your appeal rights.  You may

4     appeal the sentence, if I were to sentence you above the

5     statutory maximums.  You would also have the right to appeal

6     the conviction or sentence on the basis that your lawyer was

7     ineffective.  If you were to choose on that basis though,

8     you could not raise other issues to challenge your

9     conviction or sentence.  Do you understand those limited

10    exceptions to your waiver of your appeal rights?

11         **A.**    Yes, sir.

12         **Q.**    You will also be unable to challenge your

13    conviction or sentence through what is known as a collateral

14    attack, which sometimes people refer to as habeas corpus.

15    That means you cannot file a motion under 28 US Code 2255 or

16    seek relief under Federal Rule of Civil Procedure 60(b).

17    The only exceptions to that waiver are if there is

18    newly-discovered evidence or you raise the claim that you

19    received ineffective assistance of counsel.

20              Do you understand in general you are largely

21    giving up your right to appeal your sentence and your guilty

22    plea, Mr. Curzio?

23         **A.**    Yes, sir.

24         **Q.**    Do you still wish to plead guilty in this case and

25    give up your rights to a trial, appeal, and all of the

1    rights you would have had if your case went to trial?

2        **A.**   Yes, sir.

3        **Q.**   I am going to hold up for the record on the video

4    a document entitled Waiver of Trial by Jury.  Mr. Curzio, is

5    this your signature waiving the right to trial by jury?

6        **A.**   Yes, sir.

7             THE COURT:  Mr. Balarezo, is there any reason that

8    Mr. Curzio should not waive the jury trial and his right of

9    self-incrimination as the charge to which a guilty plea will

10   be made?

11            MR. BALAREZO:  Not that I am aware, Your Honor.

12            THE COURT:  I find that the waiver of trial by

13   jury is knowing and voluntarily made.  It's accepted and a

14   signed waiver will be filed.

15            Mr. Curzio, before I can accept your guilty plea,

16   I must first determine there is a factual basis for the

17   plea.  The Government has provided parties in the form of a

18   document called the Statement of Offense that describes what

19   the Government would be prepared to prove at trial.

20            Mr. Meinero, could you briefly describe the

21   Statement of Offense and elements of the charge at this

22   point?

23            MR. MEINERO:  Certainly, Your Honor.

24            And, Your Honor, when you say briefly summarize,

25   would you like me to skip the background or just stick to

1     Mr. Curzio's conduct?

2             THE COURT:  I think it is sufficient both because

3     we have a signed version from Mr. Curzio, just so that we

4     have it on the record, the basics of Mr. Curzio's conduct

5     and how that satisfies the elements of the charge.

6             MR. MEINERO:  Very well, Your Honor.

7             Had the Government gone to trial in this matter,

8     it would have proved beyond a reasonable doubt that Mr.

9     Curzio traveled from Florida to attend the rally that Donald

10    Trump planned to hold in Washington D.C. on January 6th,

11    2021.  On that date, Mr. Curzio eventually made his way to

12    the Capitol.

13            Shortly before 2:30 p.m. video survellience

14    captured Mr. Curzio walking inside the Capitol visitor's

15    center or the CVC, which is part of the Capitol building.

16            He and others gathered in a CVC corridor, at the

17    end of which Capitol Police officers had formed a defensive

18    line.  The officers issued commands for the rioters to leave

19    the building.  When rioters refused their commands, the

20    officers began arresting individuals who had unlawfully

21    entered the building, including Mr. Curzio.

22            Mr. Curzio admitted he refused to leave the

23    premise after being ordered to do so.  Mr. Curzio was

24    compliant following his arrest and later cooperated with law

25    enforcement by providing the Federal Bureau of

1    Investigations his swipe code so the FBI could search his

2    phone.

3          And finally, Mr. Curzio knew at the time he

4    entered the Capitol that he did not have permission to enter

5    the building, and he paraded, demonstrated or picketed

6    inside of the building.

7          THE COURT:  Thank you, Mr. Meinero.

8    **BY THE COURT:**

9    **Q.**   Mr. Curzio, I am holding up for the video a

10   document titled Statement of Offense.  Mr. Meinero just

11   provided a summary of that, but I am also going to hold up

12   the last page.  Have you read or reviewed the document,

13   Statement of Offense, and discussed it with Mr. Balarezo?

14   **A.**   Yes, sir.

15   **Q.**   Is that your signature on the last page

16   acknowledging that you have read the description of the

17   criminal conduct and that you understand it?

18   **A.**   Yes, sir.

19   **Q.**   Does the Statement of Offense truly and accurately

20   describe what you did in this matter?

21   **A.**   Basically.  I did -- I am going to own up.  I did

22   parade, demonstrate and picket.  I can't deny that.  You

23   have it on video.  I am not going to contest it or deny it.

24   I did.

25   **Q.**   Are there any changes or corrections that you

1      would make to the Statement of Offense?

2          **A.**    The only thing that I would say, which I am not

3      saying that they didn't, but I didn't hear them asking us to

4      leave.  But when law enforcement came in and started

5      arresting people and they grabbed me, obviously, I was in

6      the wrong on that part, and I didn't try to resist.  I

7      didn't try to get violent or anything.  Once the officer

8      told me I was under arrest, I was compliant and didn't try

9      to contest anything.  What the charge says I did, I did do.

10             THE COURT:  Mr. Balarezo, are you comfortable that

11     there are no amendments that need to be made to the

12     Statement of Offense given what Mr. Curzio just said?

13             MR. BALAREZO:  For the purposes of the Statement

14     of Offense, no, Your Honor, I think it is more of an issue

15     for allocution.

16             THE COURT:  That seems fine to me.

17             One other question, Mr. Balarezo, I note that on

18     this and the plea agreement you struck through the last

19     sentence just above your signature.  Is that a personal

20     issue perhaps?  I've seen that language in other documents.

21             MR. BALAREZO:  Your Honor, it is.  My concurrence

22     and my client's desire is irrelevant to whether or not he

23     can plead guilty.  Whether or not I agree with it, again, is

24     completely irrelevant, that is why I struck it in both

25     documents.

1          THE COURT:  Mr. Meinero, I assume you don't have a

2      problem with these documents, with that language above Mr.

3      Balarezo's signature being stricken.

4          MR. MEINERO:  Not in this instance, no, Your

5      Honor.

6          THE COURT:  Okay.  Thank you.

7          I think we are fine for purposes of the Statement

8      of Offense then.  Thank you.

9          Mr. Curzio, as you know, there is a written letter

10     outlining the plea agreement in this case, which we will

11     discuss.

12         Mr. Meinero, is this the most lenient plea offer

13     made to Mr. Curzio in this matter?

14         MR. MEINERO:  This is the only plea offer we have

15     made, Your Honor.

16         THE COURT:  Thank you.

17     **BY THE COURT:**

18     **Q.**   Mr. Curzio, have you had enough time to review the

19     plea agreement and discuss the substance of it with Mr.

20     Balarezo?

21     **A.**   Yes, sir, and I am comfortable with it.

22     **Q.**   Do you understand the contents of it?

23     **A.**   Yes, sir.

24     **Q.**   I am going to hold up both for the record, both

25     the first page, the page bearing the date of June 26th, but

1   most importantly, Page 9 of 9 entitled Defendant's

2   Acceptance.  Mr. Curzio, if you can see that, is this your

3   signature accepting and agreeing to the terms of the plea

4   agreement?

5        **A.**   Yes, sir, it is.

6             THE COURT:  Mr. Balarezo, I've summarized a number

7   of consequences of the plea agreement relating to jury

8   trial, appellate rights and the like, but if you could

9   please summarize the other salient provisions in the plea

10  agreement for the record, that would be helpful.

11            MR. BALAREZO:  Yes, Your Honor.

12            Mr. Curzio will be pleading guilty to Count 4 of

13  the Information which is charging him with parading,

14  demonstrating or picketing in a Capitol building in

15  violation of 40 USC 5104(e)(2)(g).

16            Mr. Curzio understands that the maximum sentence

17  is six months imprisonment, a fine of not more than $5,000,

18  and he has an obligation to pay any applicable interest or

19  penalties on restitution.  Supervised release is not

20  applicable in this particular case.  He also has to pay a

21  $10 special assessment to the Clerk of the United States

22  District Court.

23            In addition to his pleading guilty, he has agreed

24  to, quote, cooperate with additional investigations.  I

25  spoke to the Government and it already appears that Mr.

1    Curzio has complied with that requirement by meeting with

2    law enforcement officers upon his arrest.

3            In consideration for his guilty plea in this case,

4    the Government will dismiss the additional charges of the

5    information.  He understands that the sentencing guidelines

6    do not apply in this particular case.

7            The parties reserve allocution to tell the Court

8    their position on sentencing.  Mr. Curzio understands that

9    the Court is not bound by the agreement, that this is just

10   an agreement between the Government and himself.  He

11   understands that his conditions of release shall remain the

12   same unless the matter is extended beyond July the 14th,

13   which is the date upon which he will complete his six-month

14   possible exposure.  He waives venue in the District of

15   Columbia, and he agrees to waive the trial rights, which the

16   Court has already reviewed with him, the trial and appellate

17   rights.

18           Those are the general terms of the plea agreement,

19   Your Honor.

20           THE COURT:  Thank you, Mr. Balarezo.

21           Mr. Meinero, for the record, is there anything

22   that the Government would like to add to that?

23           MR. MEINERO:  Yes, Your Honor.

24           Also as part of the plea agreement, Mr. Curzio has

25   agreed to pay restitution in the amount of $500; that's the

1    only thing, very salient thing, that I didn't hear Mr.

2    Balarezo say.  The rest is all accurate, Your Honor.

3         MR. BALAREZO:  That's correct, Your Honor.

4         THE COURT:  Thank you for that.  Thank you for the

5    summary, Mr. Balarezo, and for that, Mr. Meinero.

6    **BY THE COURT:**

7         **Q.**   So I'll go through just a few of these points, Mr.

8    Curzio.

9         Have you and Mr. Balarezo discussed sentencing and

10   how the relevant statute may apply here?

11        **A.**   Have we?  Did we talk about that on Friday?

12        MR. BALAREZO:  That's what we have been

13   discussing, yes.

14        THE COURT:  I'll just go through.

15   **BY THE COURT:**

16        **Q.**   Mr. Balarezo summarized this but I just want to

17   make sure it is clear from me for the record.  If I accept

18   your guilty plea, the statutory penalties are as follows:  A

19   maximum sentence of six months' imprisonment and a maximum

20   fine of $5,000, as summarized by Mr. Balarezo.  You have an

21   obligation to pay any applicable interest or penalties on

22   fines and restitution not timely made.  And you face a

23   special assessment of $10.  Do you understand, Mr. Curzio,

24   what I just listed are statutory penalties that apply in

25   your case?

1        **A.**    Yes, sir.

2        **Q.**    Okay.  Now, as Mr. Balarezo indicated, the

3    sentencing guidelines do not apply, but when we get to

4    sentencing, I do have to consider a series of statutory

5    factors, and I just want to summarize those very briefly

6    here.

7                I will have to consider the nature and

8    circumstances of the offense and your history and

9    characteristics, the need for the sentence that I impose to

10    reflect the seriousness of the offense, to promote respect

11    for the law and provide just punishment, the need for the

12    sentence imposed to afford adequate deterrence to criminal

13    conduct both to you and others, the need for the sentence

14    imposed to protect the public from further crimes by you and

15    need for the sentence imposed to provide the defendant with

16    immediate educational, vocational, medical care or other

17    correctional treatment in the most effective manner.  I must

18    consider and factor the kinds of sentences available, and I

19    will also have to consider the need to avoid unnecessary

20    sentencing disparities among defendants with similar records

21    and have been found guilty of similar conduct.

22                Before determining your sentence, I believe I will

23    receive a pre-sentence report from the Probation Office

24    which you, your attorney and the prosecution will have the

25    opportunity to challenge.  I will also hear argument from

1    Mr. Balarezo and Mr. Meinero on what the appropriate

2    sentence should be, and you will also have an opportunity to

3    address the Court before I impose the sentence.  Do you

4    understand all of that, Mr. Curzio?

5         **A.**   Yes, sir.

6         **Q.**   I need to make sure you are pleading voluntarily,

7    so I will ask a few more questions to make sure you are

8    pleading of your own freewill.  Do you agree that the

9    agreement resulted from negotiations that have been made

10   between your attorney and the Government's attorney?

11        **A.**   Yes, sir.

12        **Q.**   Has anyone forced, threatened or coerced you, Mr.

13   Curzio, in any way?

14        **A.**   No, sir.

15        **Q.**   Can you speak up a little bit for the court

16   reporter?

17        **A.**   No, sir.

18        **Q.**   Thank you.  Has anyone made you any promises as to

19   the sentence I impose in this case, if I accept your guilty

20   plea?

21        **A.**   No, sir.

22        **Q.**   And has anyone made you any other promises or

23   representations beyond the ones in the plea agreement or the

24   ones discussed today in open court to induce you to give up

25   your right to trial?

1      **A.**   No, sir.

2      **Q.**   Are you entering this plea of guilty voluntarily

3  and of your own freewill?

4      **A.**   Yes, sir.

5      **Q.**   Is there anything that you don't understand about

6  this proceeding, your plea or any of the rights that you

7  with are waiving?

8      **A.**   No, sir.

9      **Q.**   Is there anything you want to ask me or Mr.

10  Balarezo before you decide whether to plead guilty?

11          THE DEFENDANT:  Should I bring anything up?

12          MR. BALAREZO:  Perhaps we need to have a breakout

13  room for a second, Your Honor.

14          THE COURT:  Please.

15          Ms. Lesley, could you please put Mr. Balarezo and

16  Mr. Curzio into a breakout room?

17          COURTROOM DEPUTY:  Yes, Your Honor.

18          (Discussion off the record between the Defendant

19  and Mr. Balarezo.)

20          COURTROOM DEPUTY:  We are now back on the record.

21          MR. BALAREZO:  Thank you, Your Honor.

22          THE DEFENDANT:  Your Honor, I am fine.

23          THE COURT:  Thank you, Mr. Curzio.  Are you now

24  ready to decide, Mr. Curzio, whether you wish to plead

25  guilty today?

1          THE DEFENDANT:  I wish to plead guilty, sir.

2          THE COURT:  Thank you.  Ms. Lesley, could you

3    please take the plea?

4          COURTROOM DEPUTY:  Yes, Your Honor.

5          Mr. Michael Thomas Curzio, in Criminal Case

6    21-041-2, in which you are charged with demonstrating,

7    parading or picketing at the Capitol building, 40 USC

8    5104(e)(2)(g), how do you wish to plead?

9          THE DEFENDANT:  I plead guilty, ma'am.

10         COURTROOM DEPUTY:  Thank you.

11         THE COURT:  I find in the case of United States

12   versus Curzio, that the Defendant Michael Thomas Curzio is

13   fully competent and capable of making a decision today, that

14   he understands the nature of the charge and consequences of

15   his guilty plea, the plea is know and voluntarily, he is

16   acting of his own freewill, and that there is an adequate

17   factual basis of each of the essential elements of the

18   offense of the plea, I therefore accept the plea of guilty

19   and Mr. Curzio is now adjudged guilty of that offense.

20         So having done that, Mr. Meinero, what is the

21   Government's proposal by way of next steps?  Obviously, I

22   understand the relevance of July 14th -- I guess I should

23   state that it is my understanding that on July 14th, Mr.

24   Curzio will have been detained for six months, which is the

25   statutory maximum term of incarceration.  If that's wrong,

1    please correct me, but I think that's correct.

2              MR. MEINERO:  It's the Government's understanding

3    as well, Your Honor.

4              THE COURT:  And yours too, Mr. Balarezo, I assume?

5              MR. BALAREZO:  That's correct, Your Honor.

6              THE COURT:  So in light of that, Mr. Meinero, what

7    does the Government propose?

8              MR. MEINERO:  If I could just address one matter

9    that I should have raised earlier, but just to be clear for

10   the record, and I apologize for not doing this before, it

11   was Count 4 of the amended information and Ms. Lesley read

12   the correct offense statute and that was fine, but I just

13   wanted to make sure it was the amended information in this

14   matter.

15             As to next steps, we realize there are only two

16   days remaining on what would be a full sentence imposed in

17   this case, Your Honor.  We are asking, nevertheless, for

18   pre-sentence reports for the defendants in the Capitol

19   cases, because that may assist us in determining what the

20   appropriate, ultimate sentence is.  So we would ask to set

21   an additional date, at the Court's convenience, for a

22   pre-sentence report.

23             We should also note that because Mr. Curzio has

24   entered his plea today, the Government is releasing its

25   detention request.  I wanted to make that clear, but that

1    would be the Government's request, Your Honor.  If the Court

2    is not inclined to do that, we certainly will defer to the

3    Court.

4                THE COURT:  Mr. Balarezo, what is your view?

5                MR. BALAREZO:  Your Honor, given the practical

6    aspects of this case, where Mr. Curzio has in effect served

7    full time minus two days, we would ask the Court to go to

8    sentencing today, at which time we would ask the Court to

9    impose the six-month sentence upon him.

10               THE COURT:  Mr. Meinero, I get we are two days

11   short of the max, and I understand, I guess, the general

12   desire to have the pre-sentence report perhaps to compare

13   this matter to other matters.  I suppose maybe even to give

14   me the opportunity to decide that a shorter sentence would

15   have been appropriate.

16               But in light of defense counsel's request for

17   simply a time-served sentence of six months and have Mr.

18   Curzio released on the 14th, why then go through the time

19   and expense of the pre-sentence report, especially when we

20   have a very, very busy Probation Office?

21               MR. MEINERO:  I understand, Your Honor.

22   Technically speaking, a probationary term could still be

23   imposed in this matter, although there would be two days

24   left in an imposition of sentence upon a violation.  We

25   understand that.  That would be the only reason, Your Honor,

1   to request a pre-sentence report or why there would be a

2   reason for a pre-sentence report here.

3            THE COURT:  Mr. Balarezo, what is your view?

4            MR. BALAREZO:  Your Honor, again, Mr. Curzio has

5   served his sentence.  Two days hanging over his head, I

6   think, will be nothing given the good time that he has

7   already served.  It would be an imposition upon the

8   Probation Office and the cost to the court, and I think a

9   sentence of time-served would be sufficient in this case

10  given the circumstances.

11           THE COURT:  I agree.  My view is that Mr. Curzio

12  should be sentenced to the six-month statutory maximum.  My

13  understanding is that the sentence will run two days from

14  today, in which case Mr. Curzio will be released.

15           I suppose I do need to go through the sentencing

16  factors, nevertheless, even though I haven't really been

17  presented with that information.  But I think that such a

18  sentence, because it is at the very maximum of this offense,

19  would recognize and be appropriate in light of the nature

20  and circumstances of the offense as described in the

21  Statement of Offense, the fact that Mr. Curzio went to the

22  Capitol as described and that, whereas here, six months is

23  the maximum, I really am not in a position to be able to

24  impose a longer sentence than that.  So I think that that

25  six-month sentence is appropriate here.

1          Since Mr. Curzio has or will have in two days

2     served that entire sentence, it doesn't seem to me that

3     there are other things that I should impose, such as in two

4     days, educational, vocational training, medical care or

5     other treatment that would occur in the next two days.

6          I believe I need to impose the $500 restitution.

7     I think that's appropriate here.  As reflected in the plea

8     agreement, the Government has taken an agreement there was

9     substantial damage at the Capitol and agree Mr. Curzio

10    should pay restitution in the amount of $500, that seems

11    appropriate to me.  He also faces a special assessment of

12    $10, which I also believe is appropriate.  And as we often

13    do talk about how it has to be made out to the Clerk of

14    Court, which I believe is true of the special assessment

15    here.  For all of those reasons, I do believe that a

16    time-served sentence as of July 14th is appropriate; that's

17    the statutory maximum.

18         Are there other findings that the parties think I

19    should make in light of that?  Oh, I do need to, I believe,

20    waive the fine here.

21         Mr. Meinero, do you believe that waiving of the

22    fine is appropriate?

23         MR. MEINERO:  Yes, Your Honor.

24         THE COURT:  So the Government takes the position

25    that imposition of fine should be waived.  I take it, Mr.

1    Balarezo, you agree with that.

2                MR. BALAREZO:  No objection to that, Your Honor.

3                THE COURT:  Thank you.

4                Obviously, we will enter the judgment to reflect

5    this, but are there other topics that I should cover in

6    light of my agreement with defense counsel that we just

7    proceed to sentencing today and do the six-month maximum?

8                MR. MEINERO:  No, Your Honor, I guess just setting

9    the date by which Mr. Curzio would have to pay the

10   restitution.

11               THE COURT:  Do you have a proposal?

12               MR. MEINERO:  I would say within a year.  I think

13   one year would be appropriate.

14               THE COURT:  That seems fine to me.  Restitution of

15   $500 will be payable within a year consistent with our

16   discussion.

17               Mr. Meinero, the Government has to move to dismiss

18   Counts 1 through 3.

19               MR. MEINERO:  The Government moves to dismiss

20   Counts 1 through 3 of the amended information, Your Honor.

21               THE COURT:  The motion is granted.

22               Are there other topics we should discuss?

23               MR. BALAREZO:  I don't believe, Your Honor.

24               MR. MEINERO:  No, Your Honor, not from the

25   Government's perspective.

1          THE COURT:  Thank you, Counsel.  We will obviously

2    embody the sentence and judgment in the judgment form that

3    will be entered on the docket.

4          MR. MEINERO:  Thank you, Your Honor.  Thank you,

5    Ms. Lesley.

6          THE COURT:  Thank you.

7          COURTROOM DEPUTY:  Mr. Meinero, I'm sorry.  I

8    thought the judge was about to hang up.  If you could email

9    me the exact address for payee for the restitution, who it

10   should be paid to.

11         MR. MEINERO:  Yes, I will.

12         THE COURT:  Thank you, Ms. Lesley.

13         Ms. Lesley, are there any other things you would

14   like me to cover before I forget to?

15         COURTROOM DEPUTY:  I don't believe so.  I believe

16   that is it.

17         MR. BALAREZO:  Your Honor, I know that the Court

18   has discussed the sentence that it would impose, but I don't

19   believe the Court actually imposed the sentence upon him.

20   Is it a requirement to tell him what his sentence is?

21         THE COURT:  Mr. Curzio, I am imposing a six-month

22   term of incarceration on Count 4 of the amended information,

23   to which you pled guilty.

24         Obviously, you now have been detained for all but

25   two days of that sentence, and so as of two days from now, I

1    will consider that to be a time-served sentence.  That's my

2    sentence here together with the other matters that we've

3    discussed, the $500 restitution and the $10 special

4    assessment.  I am waiving your obligation to pay a fine.

5    All of those sentencing components will be reflected in a

6    written judgment that will be entered on the docket, and the

7    net of that, of course, means that you will be released on

8    July 14th.

9              THE DEFENDANT:  Your Honor, can I say something?

10              THE COURT:  Please.

11              THE DEFENDANT:  I know this was no -- I accept

12    responsibility for my actions and what I did.  I just want

13    to thank you for being fair.  Thank you.

14              THE COURT:  Was that it or do you have something

15    else to add?

16              THE DEFENDANT:  That's it.  I just wanted to thank

17    you for being fair.

18              THE COURT:  You're welcome and it's what I try to

19    do every day and in every matter.

20              Thank you, Mr. Meinero.  Thank you, Mr. Balarezo.

21              MR. MEINERO:  Thank you, Your Honor.

22              MR. BALAREZO:  Thank you, Your Honor.

23              (Proceedings concluded at 2:44 p.m.)

24

25

1                         **C E R T I F I C A T E**

2

3                   I, **Lorraine T. Herman, Official Court**

4     **Reporter,** certify that the foregoing is a true and correct

5     transcript of the record of proceedings in the

6     above-entitled matter.

7

8                   **Please Note:**  This hearing occurred during

9     the COVID-19 pandemic and is therefore subject to the

10    technological limitations of court reporting remotely.

11

12

13

14    _____          __/s/_____

15           **DATE**                        **Lorraine T. Herman**

16

17

18

19

20

21

22

23

24

25